**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EDISON LEODAN LUNA LEON,

     Petitioner,

v.

                                 Case No. 1:26-cv-00147-MIS-JHR

PAMELA BONDI, Attorney General;
DAREN K. MARGOLIN, Director for
Executive Office for Immigration Review;
KRISTI NOEM, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
Director, El Paso Field Office, Immigration
and Customs Enforcement; and GEORGE
DEDOS, Warden of Cibola County
Correctional Center,

     Respondents.

**AMENDED ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Petitioner Edison Leodan Luna Leon's Verified

Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 2, filed January 26, 2026.  Petitioner

is a citizen of Ecuador who entered the United States without inspection over three years ago.  Id.

¶¶ 27-28.  Prior to his detention he was living in Minnesota.  Id. ¶ 12.  He has no criminal history

that would subject him to mandatory detention under 8 U.S.C. § 1226(c).  Id. ¶ 31.  Regardless,

Respondents took Petitioner into custody without an administrative or judicial warrant.  Id.  ¶ 32.

Respondents are purporting to detain him under the mandatory detention provision of 8 U.S.C.

§1225(b)(2)(A).  Id. ¶ 23.  Petitioner is currently detained at the Cibola County Correctional Center

in New Mexico.  Id. ¶ 13.

On January 26, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus ordering his immediate release or, alternatively, providing him a bond hearing pursuant to 8 U.S.C. § 1226(a).  Id. at 28.

The record reflects that the Clerk's Office served Respondents with the Petition on February 3, 2026, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 8.

**IT IS HEREBY ORDERED** that within **ten (10) business days**, the United States Attorney's Office for the District of New Mexico shall respond to the Petition and **SHOW CAUSE** why the requested relief should not be granted.  Respondents are reminded that this Court has already decided the issues presented by the Petition and granted the relief Petitioner requests here. See Lopez-Romero v. Lyons, 2:25-cv-01113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (ordering a bond hearing); Singh v. Noem, Case No. 1:25-cv-01266-MIS-KRS, 2026 WL 242249 (D.N.M. Jan. 29, 2026) (ordering immediate release); Intriago-Sedgwick v. Noem, No. 1:25-cv-01065-MIS-LF, 2025 WL 3688155 (D.N.M. Dec. 19, 2025), report and recommendation adopted No. 1:25-cv-01065-MIS-LF, ECF No. 27 (D.N.M. Jan. 6, 2026) (same); see also Order Granting Petition for Writ of Habeas Corpus, Duhan v. Noem, Case No. 2:26-cv-00019-MIS-JFR (D.N.M. Feb. 2, 2026) (same); Order Granting Petition for Writ of Habeas Corpus, Zhao v. Castro, Case No. 2:26-cv-00079-MIS-JMR (D.N.M. Jan. 20, 2026) (ordering a bond hearing).  In making these rulings, the Court has joined the overwhelming majority of courts that have considered this issue and concluded that 8 U.S.C. § 1226(a) governs the detention of noncitizens who have been residing in the United States after their entry, rather than the mandatory detention provisions of § 1225(b)(2). See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061 (7th

Cir. 2025) (concluding that § 1226(a) applied to noncitizens already present in the country who were not admitted); Barco Mercado v. Francis, __ F. Supp. 3d __, 2025 WL 3295903, at *4 n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in over 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); Ochoa Ochoa v. Noem, No. 25-cv-10865, 2025 WL 2938779, at *5 & n.8 (N.D. Ill. Oct. 16, 2025) (collecting cases). Any response filed by Respondents must therefore demonstrate that the facts of this case warrant a departure from the Court's prior rulings. **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3